ROGERS JOSEPH O'DONNELL
THOMAS H. CARLSON (State Bar No. 121367)
TYSON ARBUTHNOT (State Bar No. 215225)
311 California Street, 10th Floor
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Plaintiffs
WARREN HAVENS; VERDE SYSTEMS, LLC; and ENVIRONMENTEL LLC

FILED
AUG 29 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
STEPHEN M. HAYES (State Bar No. 83583)
JOSHUA N. KASTAN (State Bar No. 284767)
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendants
TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD ACCIDENT AND INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WARREN HAVENS; VERDE SYSTEMS, LLC; and ENVIRONMENTEL LLC,

Plaintiffs,

vs.

TWIN CITY FIRE INSURANCE COMPANY, a corporation; THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation;

Defendants.

Case No. 13-CV-02662-JST

**JOINT CONFIDENTIALITY AGREEMENT AND STIPULATION; ~~[PROPOSED]~~ ORDER**

Plaintiffs Warren Havens, Verde Systems, LLC and Environmentel LLC, and defendants Twin City Fire Insurance Company and The Hartford Accident and Indemnity Company, by and through their undersigned attorneys of record, hereby stipulate as follows:

///

**STIPULATION**

**Scope of Stipulation**

1. This Confidentiality Agreement and Stipulation and Protective Order (the "Protective Order") shall apply to all information, materials or tangible things subject to discovery in this action, including, without limitation, documents, testimony and responses produced in the course of this litigation by any party or nonparty (the "Producing Party"), which the Producing Party believes in good faith to contain confidential and proprietary business, financial, corporate, commercial or trade secret information; information subject to a legally protected right of privacy, confidentiality or privilege; and/or information that would reveal confidential research, development, or personal information (hereinafter "Confidential Material"). To fall within the scope of this Protective Order, all such Confidential Material shall be designated as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party.

2. To the extent that any third party to this litigation (a "Third Party") wishes to become a party to the Protective Order, the Third Party shall execute an undertaking in the form of Exhibit A attached hereto. The parties agree to treat any Confidential Material produced by the Third Party in accordance with the provisions of the Protective Order.

3. All Confidential Material produced or provided by any Producing Party in the instant matter shall be used by the party receiving or reviewing it (the "Receiving Party") only for the purposes of preparing for and conducting the litigation or settlement of the instant action and shall not be used for any business, commercial, competitive, personal or other purpose whatsoever.

4. The designation of information as Confidential Material pursuant to this Protective Order shall not be construed as a concession by the Producing Party that such information is relevant or material to any issue in the instant matter.

5. This Protective Order is made without prejudice to the parties' objections to producing or disclosing any Confidential Material on the grounds of relevance, the attorney-client privilege, the attorney work-product doctrine, or any other privilege, immunity or basis for

objection. In particular, but without limitation, plaintiffs may be called upon to produce documents covered by the attorney-client and/or work product privilege as part of this matter. Defendants agree that such production shall not constitute a waiver of any such privilege, and that any such properly designated documents shall only be utilized pursuant to the terms of this order.

6. The production or disclosure of Confidential Material by any Producing Party shall in no way constitute a waiver of any party's right to object to the production or disclosure of other confidential material or information and shall have no effect on any other dispute over the parties' right to apply to the Court for a further protective order relating to any Confidential Material.

7. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof. However, prior to any application to the Court to enlarge or reduce the restrictions of this Protective Order, the parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Protective Order.

8. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Confidential Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated as such and shall not be disclosed except in accordance with the terms of this Protective Order.

**Method of Designating Confidential Information**

9. The Producing Party shall designate Confidential Material as such by marking each document or tangible thing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be, directly on such material.

10. To designate deposition testimony as Confidential Material, the party requesting the designation may state during the deposition which testimony should be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and request that the Court reporter print that portion of the transcript separately and mark it CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be. Notwithstanding the foregoing, within ten (10) days of receipt of a deposition transcript from the Court reporter, any

party shall have the right to designate particular deposition testimony and/or exhibits as Confidential Material, even if the party failed to designate such information as Confidential Material at the time of the deposition. Accordingly, all parties will treat any and all deposition transcripts as CONFIDENTIAL – ATTORNEYS' EYES ONLY for the first fifteen (15) days after the subject transcript is mailed or delivered to counsel. The party making the designation shall be responsible for ensuring that those portions of the deposition transcripts and exhibits designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY are stamped and bound by the reporter in the manner described herein.

11. If any party or nonparty required to produce materials or information in the litigation of the instant matter inadvertently produces any Confidential Material without marking it with the appropriate legend, that party may, at any time after its inadvertent disclosure, notify all other parties to this action that the material is deemed CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and should be treated as such in accordance with the provisions of this Protective Order.

12. Upon receipt of notice pursuant to Paragraphs 10 or 11 hereof that a document, tangible thing, deposition transcript, or portion of deposition transcript has been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, all parties or nonparties in possession of such material shall stamp it with the appropriate designation.

**Reproduction of Confidential Material**

13. No Confidential Material shall be reproduced except as required in connection with the litigation of the instant case. Any person making, or causing to be made, photocopies, excerpts, blow-ups or demonstrative material reflecting any Confidential Material (such as charts or diagrams) shall make certain that each such item bears the appropriate CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY marking.

14. All copies or derivations of Confidential Material shall constitute Confidential Material as provided in this Protective Order and shall be treated as such.

**Use of Confidential Material**

15. Confidential Material may be referred to by a Receiving Party or

Producing Party in papers filed with the Court in the instant action and/or in discovery papers. However, no such information shall be used for any of these purposes unless the papers, or the portion thereof containing Confidential Material, are appropriately designated and, if filed with the Court, filed under seal pursuant to Paragraph 16 hereof.

16. Any Confidential Material filed with the Court shall be sealed by the Clerk of the Court, if the Court so orders upon application, and shall be available for inspection only by the Court and those persons authorized by this Protective Order to receive such information. It shall be the responsibility of the party filing Confidential Material, or any document containing, mentioning, discussing, or commenting upon Confidential Material, to designate the filing to be filed under seal, by filing such document in a sealed envelope or other container bearing the caption of this action and a brief description of the nature of the pleading or paper, and a notice substantially as follows:

**CONFIDENTIAL (OR CONFIDENTIAL – ATTORNEYS' EYES ONLY) – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED _______________, 2013.**

17. For the convenience of the Court and the parties, a party filing a paper containing both Confidential Material and non-confidential material may file the entire paper under seal; if the Court so orders upon application. If the party filing the paper fails to file the Confidential Material under seal, any party may request that the Court place the filed document or material under seal.

18. Confidential Material may be used at trial by any party, subject to reasonable safeguards as may be requested by Producing Party or set by the Court to limit or prevent unnecessary disclosure.

**Method for Objecting to Confidential Designation**

19. If any party objects to the designation of any Confidential Material as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, the objecting party may request in writing of the designating party that such designation be removed. The written request shall specifically identify the precise material or information at issue.

20. The Producing Party shall respond in writing within a reasonable time of the receipt of the written request, or within such other time as may be designated by Order of the

Court or agreement of the parties. If the Producing Party refuses to remove the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, the Producing Party's written response shall state the reasons for such refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

21. If the Producing Party fails to respond to a request or refuses to remove the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, the objecting party shall have the right to file an appropriate motion raising the issue of designation with the Court. It shall be the burden of the objecting party under such circumstances to establish that the information so designated is not CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY within the meaning of this Protective Order. In the event of such a motion, the material at issue may be submitted to the Court for an in camera inspection.

22. All Confidential Material shall be given the full protection of this Protective Order unless and until the Court enters an Order changing the designation.

**Persons Qualified to Receive or Review Confidential Material**

23. Confidential Material marked "CONFIDENTIAL," and any documents or things derived therefrom or based thereon, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

(a) The Court and employees of the Court (in the manner provided by Paragraphs 15 through 18 hereof) ;

(b) Counsel to the parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel;

(c) Experts or consultants and their staff assisting in the prosecution or defense of the instant matter, provided that said experts and/or consultants are not (i) employed by, (ii) regular consultants for, or (iii) employees of firms or businesses that are regular consultants for any of the parties engaged in this lawsuit;

(d) Parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) on a need-to-know basis;

(e) Any person who authored or previously received the Confidential

Material, or who has knowledge of the specific facts identified in such materials;

(f) Court reporters and other persons involved in recording deposition testimony in this action by any means;

(g) Any other person to whom the Producing Party agrees in writing; and

(h) Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances

24. Confidential Material marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any documents or things derived therefrom or based thereon, may only be disclosed or made available to the Qualified Persons defined in Paragraph 23 above, with the exception of subsection (d), i.e., parties and representatives or employees of parties (officers, directors, employees, trustees, etc.). Under no circumstances (other than with the specific written consent of the Producing Party) shall parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) be permitted access to any Confidential Material marked CONFIDENTIAL – ATTORNEYS' EYES ONLY or provided with any characterization, description or summary thereof. Parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) are not Qualified Persons with respect to CONFIDENTIAL – ATTORNEYS' EYES ONLY materials and information.

25. Prior to reviewing or receiving Confidential Material in any manner, all experts or consultants and their staff who are Qualified Persons under Paragraph 23 hereof shall execute an undertaking in the form of Exhibit B hereto. Counsel for the party providing Confidential Material to such Qualified Person(s) shall maintain a complete record of every original signed undertaking obtained from any person pursuant to this paragraph, and shall provide the Producing Party's counsel with a copy of such signed certificate at least thirty (30) days after the conclusion of all proceedings, whether by settlement, dismissal, judgment or otherwise, and after all appeals have been exhausted. In addition, if the identity of outside experts and consultants must be disclosed pursuant to Court order, statute or otherwise, a copy of

all undertakings executed by such disclosed experts or consultants shall be furnished to the Producing Party upon request.

26. No Confidential Material shall be disclosed to any persons other than Qualified Persons. However, nothing contained herein shall (a) prevent any party from disclosing or employing its own Confidential Material as it deems appropriate in its sole discretion, or (b) be deemed to impose any restriction on the use or disclosure by a party or witness of materials or information obtained independently of the discovery proceedings in the instant matter.

27. In the event that any Qualified Person to whom Confidential Material is disclosed ceases his or her involvement in the instant action, his or her access to Confidential Material shall be terminated immediately. The provisions of this Protective Order shall remain in full force and effect as to any such person.

28. If any Confidential Material in the possession of a Receiving Party or Qualified Person is subpoenaed by any Court, administrative or legislative body, or by any other person purporting to have authority to subpoena such materials or information, the party to whom the subpoena is directed shall immediately (but, in no event, within more than two (2) business days) give notice of the subpoena and deliver of a copy thereof to the attorneys for the Producing Party.

29. Counsel for the parties shall take reasonable precautions to prevent the unauthorized disclosure of Confidential Material.

**Conclusion of the Litigation**

30. Upon the written request of the Producing Party made within sixty (60) days of the final disposition of this action, all Confidential Material, and all copies or extracts thereof, shall be returned to the Producing Party within thirty (30) days of such request or, at the Producing Party's option, shall promptly be destroyed, except that briefs and other court papers prepared for use in the instant matter need not be returned or destroyed but shall be kept confidential by all counsel for the parties.

31. The binding effect of this Protective Order shall survive termination of this

action~~, and the Court shall retain jurisdiction to enforce the Protective Order.~~

32. The provisions of this Protective Order shall be effective and binding as between the parties, counsel, and any Third Parties as of the date of the execution of Exhibit "A" hereto.

33. The provisions of this Protective Order shall be effective and binding as between the parties, counsel, and any Qualified Person as of the date of the execution of Exhibit "B" hereto.

Dated: ~~September~~ 8.28, 2013

ROGERS JOSEPH O'DONNELL

By: ______________________

THOMAS H. CARLSON

Attorneys for Plaintiffs
WARREN HAVENS; VERDE SYSTEMS, LLC; and ENVIRONMENTEL LLC

Dated: August 27, 2013

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By: ______________________

STEPHEN M. HAYES
JOSHUA N. KASTAN
Attorneys for Defendants
TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD ACCIDENT AND INDEMNITY COMPANY

# EXHIBIT A

## THIRD PARTY'S AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

__________________ is a third party to the litigation between named plaintiffs ____________ and defendant ______________ has received a copy of the foregoing Confidentiality Agreement and Stipulation (the "Agreement"), and wishes to become a party thereto. Pursuant to paragraph 2 of the Agreement, ___________ agrees to be bound by the provisions of the Agreement and ______________ and the plaintiffs agree to treat any Confidential Materials provided by ______________ in accordance with the terms of the Agreement.

Dated: __________________

By_____________________________________

Attorneys for __________________

**EXHIBIT B**

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Confidentiality Agreement and Stipulation (the "Agreement"), have read same and agree to bc bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the United States District Court for the ___________ District of California for enforcement of this Agreement. I understand that if I violate the terms of the Agreement, I may be subject to an order holding me in contempt of court.

Dated: ___________________

______________________________

**ORDER**

GOOD CAUSE APPEARING, the foregoing Confidentiality Agreement and Stipulation is approved and adopted as an Order of the Court.

Dated: ~~September~~ August 29, 2013

HON. JUDGE JON S. TIGAR
United States District Judge